JAMES W. McNAUGHT *vs.* GIOVANNI SORMARTI, INC.

JUNE 17; 1930.

PRESENT: Stearns, C, J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J. This is an action in assumpsit on the common counts brought to recover $200 claimed to have been paid by plaintiff to defendant in part payment of the purchase price of two lots of land. The trial justice directed a verdict for the defendant. The case is in this court on the plaintiff's bill of exceptions, the single exception being to the direction of the verdict.

In October, 1928, Michael Fitzpatrick, a real estate broker, entered into an agreement with the defendant whereby the latter was to sell and convey two lots of land on Metropolitan Road in the city of Providence, Nos. 428 and 429 on plat entitled "Parkway Plat . . . No. 2, Providence . . ." In pursuance of the agreement defendant corporation executed a warranty deed, as directed, to Hugh J. Duffy for the agreed price of $1,000, of which sum $200 was paid at once by the check of Fitzpatrick, and a mortgage for $800 from Duffy to the defendant was given for the balance of the purchase price.

By mistake of the defendant, the deed to Duffy purported to convey lots Nos. 375 and 376 on the assessor's plat instead of lots Nos. 428 and 429 on the Parkway Plat, as required by the contract. The error in the deed was not discovered until some time later.

The plaintiff, a contractor, intended to build two houses on lots Nos. 428 and 429; he was the principal for whom Fitzpatrick was working as agent in the purchase of the lots. In attempting to secure a mortgage on the lots plaintiff discovered the error and an effort was made to correct the deed. Plaintiff went to the treasurer of the defendant corporation who admitted the mistake and agreed that a new deed correctly describing the lots intended to be conveyed would be made and a new mortgage on the lots given to defendant by Duffy. The first deed and mortgage were later eliminated by the action of Duffy and defendant, and a new deed and a new mortgage were prepared. There is a conflict in the testimony on the question whether the new deed was ever delivered to Fitzpatrick for the plaintiff. Neither the new deed nor the new mortgage was recorded, and, later, defendant sold the lots in question to a third party.

Defendant admits that it has $200 in its possession, which it received in part payment for these lots, to which it makes no claim. Its position, however, is that it did not know plaintiff in this transaction; that one Mr. Uchello was the real party who was entitled to receive the return of the $200.

A verdict was directed on the ground that plaintiff, as an undisclosed principal, could not sue to recover the amount paid by his agent to defendant. This ruling was erroneous. It is well settled that an undisclosed principal may sue on a contract made in the name of his agent. *Battey* v. *Lunt, Moss & Co.*, 30 R. I. 1.

The exception of the plaintiff is sustained and the case is remitted to the Superior Court for a new trial.

*Ratcliffe G. E. Hicks*, for plaintiff.
*Florie DeSimone*, for defendant.